UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-01032-DDN ) |
| DEPARTMENT OF CORRECTIONS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff William Jones for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

## The Complaint

Plaintiff is currently incarcerated at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the Department of Corrections as defendant.

Plaintiff alleges that the attorney general violated his right to due process by not investigating his grievance. (Docket No. 1 at 5). This grievance relates to his time incarcerated at both the JCCC and the South Central Correctional Center in Licking, Missouri. He states that while at those institutions, he was subjected to negligence, deliberate indifference, and cruel and unusual punishment regarding "sexual assault and [harassment] by correction staff." He further

asserts that he complained to the attorney general "right away." However, they have not investigated or looked into his complaints.

Plaintiff is seeking declaratory and injunctive relief, as well as $70,000 in damages. (Docket No. 1 at 6).

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Because plaintiff has had three previous cases dismissed on the basis of frivolity, maliciousness, or for failure to state a claim, his motion to proceed in forma pauperis will be denied and his case dismissed without prejudice.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action...in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

2

## B. Plaintiff's Previous "Strikes"

Review of this Court's files reveals that plaintiff has accumulated three strikes. *See Jones v. Medium Security Institute*, No. 4:07-cv-01183-CEJ (E.D. Mo. Oct. 17, 2007) (plaintiff's § 1983 action dismissed as legally frivolous and for failure to state a claim); *Jones v. Weldon*, No. 4:13-cv-01434-SNLJ (E.D. Mo. Oct. 2, 2013) (plaintiff's § 1983 action dismissed as legally frivolous and for failure to state a claim); and *Jones v. Missouri Dep't of Corrs.*, No. 1:14-cv-00062-ACL (E.D. Mo. May 8, 2014) (plaintiff's § 1983 action dismissed as legally frivolous and for failure to state a claim). The Court also notes that plaintiff has previously had a motion for leave to proceed in forma pauperis denied, and his case dismissed without prejudice, due to having three strikes. *See Jones v. Holder*, No. 4:14-cv-01527-NCC (E.D. Mo. Sept. 10, 2014).[1]

## C. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Plaintiff has not alleged that he is in imminent danger. His statement of claim asserts that the attorney general has violated his due process rights by failing to investigate his grievances related to alleged mistreatment he suffered while at JCCC and SCCC. The facts, such as they are, focus on an investigation into past harms, and do not provide any indication that he was in

---

[1] Plaintiff's complaint related similar allegations to those contained in the present action, including a claim that while at JCCC, he was assaulted by correctional officers and was a victim of sexual misconduct. *Jones v. Holder*, No. 4:14-cv-01527-NCC (E.D. Mo. Sept. 4, 2014).

3

imminent danger of serious physical injury at the time he filed his complaint. Indeed, plaintiff's broad allegations of mistreatment at the hands of correctional officers encompasses actions that purportedly took place while plaintiff was incarcerated at SCCC, where he is no longer an inmate. As such, he has failed to demonstrate that he is in imminent danger and that § 1915(g) does not apply. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE